UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-307 |
| | ) | (VARLAN/GUYTON) |
| CMH HOMES, INC., DOUGLAS | ) | |
| KELLER, MARK MORGAN, and | ) | |
| SAMANTHA CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This is an action brought purportedly pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, the Tennessee Human Rights Act (THRA), T.C.A. § 4-21-201, *et seq.*, and common law wrongful discharge. It was removed to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b). Plaintiff James Knight contends that he was subjected to "harassment, resulting in his constructive wrongful termination from his employment" with CMH Homes, Inc. Currently pending is the motion of all defendants to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure [Doc. 5]. Plaintiff has failed to respond to this motion in a timely manner and is therefore deemed to have waived any response. Rule 7.2, Local Rules of the United States District Court for the Eastern District of Tennessee. For the reasons that follow, defendants' motion to dismiss [Doc. 5] will be granted and this action dismissed.

## I. *Factual Background*

The following factual allegations are considered in the light most favorable to the plaintiff and are taken from his complaint. Plaintiff formerly worked as a sales representative for defendant CMH Homes, Inc. Plaintiff alleges that the General Manager of CMH Homes, Junior Walthers, was instructed to terminate plaintiff after a sales rally at the Norris Plant by Regional Manager Mark Morgan. Mr. Walthers refused to do this as plaintiff was the top salesman at that location.

On September 27, 2005, Samantha Caldwell told plaintiff to take a few days personal leave and then return to work. Upon his return the following day, the locks had been changed and plaintiff was unable to enter the lot. When plaintiff was transferred to Lot 375, he was told by General Manager Douglas Keller and by the Sales Manager Samantha Caldwell that Mark Morgan had informed them to terminate him as soon as possible. Plaintiff contends that he was harassed by Samantha Caldwell at Lot 375 on a daily basis.

Plaintiff claims that "deals" that he wrote per company guidelines at the Home Show were allowed to be given to other sales centers and salesmen for which he received no benefits or payment. Mark Morgan was given the Sevierville Region, and plaintiff was told by several people that he needed to transfer out of Morgan's region immediately. The General Manager from Lot 291 told plaintiff that "you have cross hairs on your back." Samantha Caldwell informed plaintiff on several occasions that he needed to seek another profession. Plaintiff contends that the Sales Manager interfered with plaintiff's relationship with his customers in order to make the plaintiff look bad.

Plaintiff contends that he suffered a stress-induced heart condition as a result of the harassment, has continued to suffer severe mental anguish, and is undergoing treatment for it. Plaintiff was ultimately terminated in December 2006 because of his medical condition, which he contends resulted from the intimidation and stress situations caused by CMH Homes. He claims that he was unable to continue to mentally deal with the harassment and hostile work environment and that he suffered a mental collapse and was placed on FMLA leave. Plaintiff was terminated from his employment and his insurance benefits terminated while he was on this FMLA leave.

Plaintiff makes no allegation that the harassment or termination was based on his position in any protected class under Title VII or the THRA; that it was in any way improper to terminate him while he was on FMLA leave; or that his termination had anything to do with his engaging in protected activity that might form the basis of a wrongful discharge action under Tennessee law.

## II. *Plaintiff's Rule 12(b)(6) Motion*

Technically, the Rule 12(b)(6) motion does not attack the merits of the case – it merely challenges the pleader's failure to state a claim properly. 5 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 1364 at 340 (Supp. 1987). In deciding a 12(b)(6) motion, the Court must determine whether the plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The Court must accept all allegations in the

complaint at "face value" and construe them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The complaint must in essence set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist. *Jenkins v. McKeithen*, 395 U.S. 411 (1969); *German v. Killeen*, 495 F.Supp. 822, 827 (E.D. Mich. 1980). Conclusory allegations are not acceptable, however, where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves. *Vermilion Foam Products Co. v. General Electric Co.*, 386 F.Supp. 255 (E.D. Mich. 1974).

III. *Analysis*

Both Title VII and the Tennessee Human Rights Act are limited to claims of harassment based upon a protected class: race, creed, color, religion, sex, age or national origin. *See* 42 U.S.C. § 2000e-2(a)(1); T.C.A. § 4-21-401(a)(1); *see also Farmer v. Cleveland Public Power*, 295 F.3d 593, 604-05 (6th Cir. 2002) (holding that to establish a *prima facie* case of harassment under Title VII, the plaintiff must demonstrate that he is a member of a protected group and that the harassment giving rise to the hostile work environment was based upon his protected status). Nowhere in the complaint does plaintiff allege that he was harassed due to his race, creed, religion, sex, age or national origin with respect to his employment. In fact, the record contains no information with respect to whether plaintiff even fits within one of these protected categories. Accordingly, plaintiff has failed to provide evidence of this even most basic element of a Title VII or THRA claim.

With respect to the plaintiff's FMLA claim, plaintiff's allegations not only fail to state a claim upon which relief can be granted, but are also completely inconsistent. Plaintiff's complaint alleges that he was terminated while on FMLA leave. However, it does not allege that he was terminated because he took FMLA leave, which would be required to state a claim under the FMLA. *See Bryant v. Delbar Products, Inc.*, 18 F.Supp.2d 799 (M.D. Tenn. 1998). Moreover, the complaint inconsistently alleges that he was constructively discharged because of the alleged harassment and, in fact, alleges that he informed each of the individual defendants that he could no longer remain employed by CMH Homes, Inc. due to the harassment. *See* Complaint at ¶¶ 13, 31. Plaintiff's FMLA claim also fails to meet the notice pleading requirement of Rule 8(a), Federal Rules of Civil Procedure.

Finally, plaintiff's claim of wrongful discharge is factually completely unsupported. There is a presumption in Tennessee law that an individual's employment is terminable at will. *Davis v. Connecticut Gen. Life Ins. Co.*, 743 F.Supp. 1273, 1280 (M.D. Tenn. 1990). Plaintiff does not allege that he had any contract for employment with the defendant, nor does he allege any facts which would support a public policy exception to the employee-at-will doctrine which might be actionable, such as the exercise of his rights under the worker's compensation laws or the reporting of any illegal activities undertaken by the defendants.

## IV. *Conclusion*

In light of the foregoing, defendants' motion to dismiss for failure to state a claim upon which relief can be granted [Doc. 5] is hereby GRANTED and this action is DISMISSED.

Enter judgment accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE